UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LISA AZZOU, as guardian and natural parent on behalf of her minor daughter S.A. | ) ) ) ) Case No. 1:23-cv-1049 |
| Plaintiff, | ) ) |
| v. | ) Judge: |
| | ) |
| THE PINESTEAD REEF OWNERS ASSOCIATION, a Michigan non-profit corporation | ) ) ) ) |
| Defendant. | |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

NOW COMES **LISA AZZOU**, as guardian and natural parent on behalf of her minor daughter S.A., by and through the undersigned counsel, Owen B. Dunn, Jr. Counsel for Plaintiff, who hereby files this Complaint against **THE PINESTEAD REEF OWNERS ASSOCIATION**, a Michigan non-profit corporation, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff, Lisa Azzou on behalf of her minor child S.A. and individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil

actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Western District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Lisa Azzou is the guardian and natural parent of her minor daughter S.A.

5. S.A., is a female born on October 29, 2008, is an Oakland County, Michigan resident, and the minor child qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

6. The Defendant, **THE PINESTEAD REEF OWNERS ASSOCIATION,** owns and operates the Pinestead Reef Resort, which is a waterfront resort consisting of common use areas and condominium resort suites located at 1265 US 31 North Traverse City, MI 49686 in Grand Traverse County.

7. Plaintiff patronized Defendant's resort while visiting Traverse City with her minor daughter, S.A. and family, and she has experienced the barriers to access complained of herein.

8. Upon information and belief, the facility owned or operated by the Defendant The Pinestead Reef Owners Association is non-compliant with the remedial provisions of the ADA. As Defendant either owns, leases, lease to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104,

Defendant is responsible for complying with the obligations of the ADA. Defendant's hotel is a place of public accommodation. Defendant's property fails to comply with the ADA and its regulations, as also described further herein.

9. S.A. is a child diagnosed with spina bifida, hydrocephalus, Chiari malformation, sleep apnea, and neurogenic bladder and permanently uses a wheelchair for mobility. As such, she is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. Lisa Azzou is her mother.

10. On June 4-5, 2022, S.A. and her mother were overnight guests of the property that forms the basis of this lawsuit and plan to return to the property to avail herself of the goods and services offered to the public at the property. Upon making reservations with the property, Plaintiff was informed that the resort did not offer "any mobility accessible guest suites."

11. Plaintiff has a realistic, credible, existing, and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

12. Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation

that the Defendants own, operate, lease or lease to is a resort known as **Pinestead Reef Motel**, located at 1265 US 31 North Traverse City, MI 49686 in Grand Traverse County

13. Defendant also serves as a property manager for condominium owners and operates the resort condominiums as a transient lodging hotel and is therefore subject to the ADA. The lodging has a central reservation system, patrons have short terms stays, the resort has regular housekeeping, and the resort handles the refurbish, remodel or changes to the units in order to maintain certain hospitality standards.

14. The Defendant, **THE PINESTEAD REEF OWNERS ASSOCIATION,** has discriminated against the individual Plaintiff by denying her access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

15. The Defendant has discriminated and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

16. A preliminary inspection of the Pinestead Reef Resort, including its facilities, has shown that many violations of the ADA exist.  These violations include, but are not limited to:

**Parking and Accessible Routes**

A. In the parking lot, the access aisles are missing, in violation of the ADA section 502.3 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is readily achievable.

B. In the parking lot there are no designated Van accessible parking spaces, in violation of the ADA section 208.2.4 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is readily achievable.

C.     In the parking lot, the access aisles do not extend the full length of the designated accessible parking space, in violation of the ADA section 502.3.2 of the 2010 Standards and 1991 ADAAG section 4.6.6, whose remedy is readily achievable.

D.     In the parking lot, the access aisles do not adjoin an accessible route, in violation of the ADA section 502.3. of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is readily achievable.

E.     In the parking lot, the designated accessible parking spaces are missing the required signage identifying the parking stalls as "accessible parking," in violation of the ADA section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is readily achievable.

F.     Ground surfaces located on the accessible route have cracks in excess of ½ inch, in violation of the ADA and section 302.3 of the 2010 Standards and 1991 ADAAG section 4.5.4, whose remedy is readily achievable.

G.     Outside the Main Entrance, the floor mat at the door is not secured in place, in violation of the ADA section 302.2 of the 2010 Standards and 1991 ADAAG section 4.5.3 whose remedy is readily achievable.

H.     An exterior stairway which shows a ramp leading down to the beach is missing directional, and information signage, in violation of the ADA section 216.3 of the 2010 Standards whose remedy is readily achievable.

I.     There is no accessible route to the beach or water's edge, in violation of the ADA section 206.2.2 of the 2010 Standards and 1991 ADAAG section 4.1.2(1), whose remedy is readily achievable.

J. Throughout the property, there are floormats that are not secured in place, in violation of the ADA section 302.2 of the 2010 Standards and 1991 ADAAG section 4.5.3 whose remedy is readily achievable.

K. At the beach patio level, there is no accessible seating provided with required knee and toe clearances, in violation of the ADA section 309.4 of the 2010 Standards and 1991 ADAAG section 4.27.4, whose remedy is readily achievable.

**Restaurant**

L. In the restaurant, there is no accessible seating provided, in violation of the ADA section 226.1 of the 2010 Standards and 1991 ADAAG section 5.1, whose remedy is readily achievable.

**Game Room**

M. In the Game Room, the Threshold of the patio door leading to the outside patio is greater than ½ inch, in violation of the ADA section 404.2.5 of the 2010 Standards and 1991 ADDAG section 4.13.8, whose remedy is readily achievable.

**Laundry Room**

N. The directional signage leading to the laundry room is non-compliant as it does not include both visual and tactile characters, in violation of the ADA section 216.3 and 703.5 of the 2010 Standards, whose remedy is readily achievable.

O. In the laundry room, the washers are not accessible as the operable part are out of reach range, in violation of the ADA sections 308 and 309 of the 2010 Standards and 1991 ADAAG section 4.27.3, whose remedy is readily achievable.

P.  In the laundry room, the knee clearance under the table is out of compliance, in violation of the ADA section 306.3 of the 2010 Standards and 1991 ADAAG section 4.32.3, whose remedy is readily achievable.

**Pool/Spa Area**

Q.  In the pool/spa area, the pool does not have an adaptive lift, whereas one is required in violation of the ADA section 1009.2 of the 2010 Standards, whose remedy is strictly required or at minimum is readily achievable.

R.  In the pool/spa area, the spa does not have at least one accessible means of entry, in violation of the ADA section 242.4 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

**Guest Rooms Generally and Mobility Accessible Guest Rooms**

S.  The resort operates as a transient lodging hotel for short terms stays. The property offers a total of 46 suites including 1-bedroom units, Studio units, 2-bedroom units, 2-bedroom deluxe units and 3-bedroom deluxe units.  However, the property does not offer a single mobility accessible guestroom whereas a minimum of 2 are required. This is in violation of the ADA section 9.1.2 of the 1991 ADAAG Standards and section 224 of the 2010 Standards, whose remedy is readily achievable.

**Policies and Procedures**

T.  The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, including a policy of maintenance of its accessible features, in violation of the ADA whose remedy is readily achievable.

U.	The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Lisa Azzou and her daughter, S.A.**.**

17.	The discriminatory violations described in Paragraph 16 by Defendant **THE PINESTEAD REEF OWNERS ASSOCIATION,** are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

18.	The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

19.	In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

20.	Plaintiff restates the allegations of ¶¶1-19 as if fully rewritten here.

21.	The resort at issue, as owned and operated by The Pinestead Reef Owners Association constitutes a public accommodation and transient lodging service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

22.     Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

23.     The Plaintiff, and others similarly situated, is presently without adequate remedy at law and is damaged by irreparable harm.  Plaintiff reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

24.     Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to make such strictly required or at minimum readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## M.C.L. § 37.1301 *et seq.*

25.     Plaintiff restates the allegations of ¶¶1-24 as if fully rewritten here.

26.     The Pinestead Reef Owners Association operates a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

27.     Defendant has committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, Defendant has failed to vcreate any mobility accessible guestroom lodging at its transient lodging hotel resort as well as otherwise to create a safe and accessible means of patronizing the businesses on the property. This has discriminated against Lisa Azzou and her minor daughter, S.A.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all strictly required or at minimum readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.

Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
Monroe, MI (734) 240-0848
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net